

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GROVER SELLERS**
**ATTORNEY GENERAL**

Honorable Claude Isbell
Secretary of State
Austin, Texas

Attention: Mr. J. L. McGarity

Dear Sir:    Opinion No. O-6561

Re:  Whether the Secretary of State
     should approve and file a char-
     ter, or an amendment to a char-
     ter increasing the capital stock
     of a corporation, where all or
     any part of the original qual-
     ifying shares or of the proposed
     increase is subscribed for and
     paid by a corporation where the
     subscribing corporation has a
     purpose clause which would per-
     mit it to engage in the business
     of the other corporation. And a
     related question.

        Your letter of May 7, 1945, requesting the opin-
ion of this department, presents the above question, and
which you also desire answered under the following factual
change as stated, to-wit: . . ."where the subscribing
corporation has a purpose clause which would not permit it
to engage in the business of the other corporation."

        A photostatic copy of the proposed amendment
doubtless raising the above questions, accompanies your
request and you desire to know whether or not same should
be approved and filed.

        The applicable subdivision of Art. 1302, Revised
Civil Statutes of Texas, 1925, provides:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Claude Isbell, page 2

"The purposes for which private corpora-
tions may be formed are:

"34. To transact any manufacturing or
mining business, and to purchase and sell
goods, wares and merchandise used for such
business.

". . .

". . .

"39. To purchase and sell goods, wares
and merchandise and agricultural and farm
products."

The particular corporations involved in your ques-
tions have, in their charter, adopted the foregoing purpose
clauses. Subdivision 34 is adopted by the subscribing cor-
poration, and Subdivision 39 by the corporation voting the
increase in stock and tendering the amendment.

Under the provisions of Arts. 1313 and 1314, R.C.S.,
1925, the duty is imposed upon the Secretary of State to file
and record the charter and proper authenticated amendments
thereto when the stockholders of any company shall furnish
satisfactory evidence to the Secretary of State of a com-
pliance with the provisions of Chap. 2, Title 32 (Arts.
1303-18, inclusive) V. A. C. S.

Art. 1320, Subdivision 7 of said statutes provides
that any corporation as such has the power to enter into any
obligation or contract essential to the transaction of its
authorized business.

Art. 1321 of said statutes provides that corporations
may borrow money on the credit of the corporation and may ex-
ecute bonds and promissory notes therefor, and may pledge the
property and income of the corporation.

Art. 1349, V. A. C. S., insofar as material, provides
that no corporation, domestic or foreign, doing business in
this State, shall employ or use its stock, means, assets or
other property, directly or indirectly, for any purpose what-
ever other than to accomplish the legitimate business of its
creation or those purposes otherwise permitted by law, pro-
vided that nothing in this article shall be held to inhibit
corporations from contributing to any . . . civic enter-
prises. . .

Hon. Claude Isbell,  page 3

It is generally recognized, and by the weight of
authority that in the absence of a statute or constitutional
provision to the contrary, a corporation may take stock of
another corporation in payment of, or as security, for a
debt.  18 C. J. S., Par. 243, p 682; 13 Amer. Jur., Par.
791, p 812; 1 Hildebrand's Texas Corporations Par. 80,
p 293, and see Annotations in Vol. 36, Amer. St. Rep.,
p 140.

Neither the proposed amendment with accompanying
affidavit nor your letter, disclose any other than a bona
fide issue and subscription of stock under the above men-
tioned and generally recognized rule.

The case of Holmes and Griggs Mfg. Co. v. Holmes
and Wessell Metal Co., 127 N. Y. 252, 27 N. E. 831, 24 Amer.
St. Rep. 448, furnishes the leading authority and support of
the above rule.  In that case the president and secretary of
the Manufacturing Company, a corporation, subscribed individu-
ally for the stock in a newly formed corporation, same being
issued to a trustee for said officers.  The new corporation
thereafter purchased the entire plant, machinery, and etc.,
of the plaintiff corporation for which it issued said stock
as aforesaid, and said Manufacturing Company retired from
business.  The rule was recognized in this case that a cor-
poration cannot purchase or deal in stocks of other corpora-
tions unless expressly authorized to do so.  The statute
under which plaintiff company was incorporated in the State
of New York provided that "it shall not be lawful for such
company to use any of their funds in the purchase of any
stock in any other corporation."

The court held that said statute was not intended
to limit the powers of the corporation beyond its necessary
powers in the exercise of its corporate franchise, to-wit:
selling of property, collection of debts, . . . taking title
to all kinds of property, including the stock of another com-
pany in the payment of a debt, in holding the transaction not
ultra vires.  The court reasoned in the following language:

"The plaintiff has sold its rolling-mill
machinery, etc., to the defendant.  It has
taken stock in the latter company in payment
therefor.  Inasmuch as this was done with the
consent of all of the stockholders, it being
the act of a private corporation, not in any
manner harming the public, we see no reason

for condemning its title to the stock so
obtained: Palmer v. Cypress Hill Cemetery,
122 K. Y. 429-435."

The sole ownership of the stock of one corporation
by another with the fact of domination and control through
such stock ownership in violation of the anti-trust laws of
Texas is involved in State vs. Swift and Co., Cause No. 9481,
Court of Civil Appeals, Third Supreme Judicial District, to
which our attention is called in your letter.  The above
Court of Civil Appeals in an opinion rendered March 21, 1945,
(unreported) recognized the question of whether the ownership
of all the stock of Consumer Cotton Oil Company, a corpora-
tion, by Swift & Co., an Illinois meat packing corporation,
was against public policy, and held that there was no affirm-
ative legislative act which in itself condemned such stock
ownership and not being per se illegal, was not against
public policy.

Under the foregoing authorities and with reference
solely to your question as to whether the proposed charter
amendment should be approved and filed, it is our opinion
that this question is mainly one of fact, to be determined
by the Secretary of State primarily from satisfactory evi-
dence being furnished by the corporation tendering the
amendment that the original indebtedness was within the
necessary powers of the corporation to create and contract
for, and further that such note evidencing the debt and ab-
sorbed in exchange for the stock is of the reasonable value
of the amount of stock increase and subscribed for.

Not being informed as to the character of the orig-
inal indebtedness, we do not consider your general questions,
which may or may not relate to the amendment in question.
There is insufficient evidence before us from which we may
determine a question of ultra vires.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Geo. J. R. King
Assistant

Wmk:LJ